IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAIKYN ELIZA-MAREE LARSON, *et al.*,

    Plaintiffs,

    v.

RICKY DANIEL LANDGRAFF,

    Defendant,

Case No. 19-2667-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Intervene. (ECF No. 7.) According to the complaint, Plaintiff Laikyn Eliza-Maree Larson was riding as a passenger on a motorcycle driven by Defendant Ricky Daniel Landgraff. Mr. Landgraff lost control of the motorcycle and collided with a motorcycle driven by Plaintiff Terry L. Forbes, Sr. (ECF No. 1 ¶¶ 5-10.) Ms. Larson and Mr. Forbes allege that they sustained serious and permanent injuries as a result of Mr. Landgraff's negligence. State Farm insured Mr. Forbes at the time of the accident and now seeks to intervene because the collision may have triggered Mr. Forbes' uninsured and/or underinsured motorist coverage. (ECF No. 7, at 1.) No party responded to this motion, and the time do so has passed.

FED. R. CIV. P. 24 recognizes two types of intervention. Subsection (a) applies to intervention of right, and subsection (b) applies to permissive intervention. State Farm moves for permissive intervention and, "additionally and alternatively," intervention of right. (ECF No. 7, at 2.) Under Rule 24(a)(2), intervention of right is required where a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect

its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(1)-(2). The movant must demonstrate that each of these elements are met. *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1042 (10th Cir. 1996). State Farm has done little more than restate the test for intervention of right rather than outlining precisely how it claims an interest relating to this case, why disposing of the case would impede its ability to protect its interest, or why the existing parties do not adequately protect its interest. (ECF No. 7, at 2.) Therefore, State Farm has not met its burden to show that it is entitled to intervention of right.

However, the court finds permissive intervention is warranted. Under FED. R. CIV. P. 24(b)(1)(B), the court has discretion to permit intervention by a movant that "has a claim or defense that shares with the main action a common question of law or fact." *See also Arney v. Finney,* 967 F.2d 418, 421 (10th Cir. 1992) ("Permissive intervention is a matter within the sound discretion of the district court." (quotations omitted)). If the facts underlying this case triggered Mr. Forbes' uninsured and/or underinsured motorist coverage, the nature and extent of Mr. Forbes' damages would be at issue for both the claim against Mr. Landgraff and any potential claim on the insurance policy. For this reason, the court finds that State Farm has potential defenses with the main action that share common questions of law and fact. Accordingly, the court grants its motion to intervene.

**IT IS THEREFORE ORDERED** that State Farm Mutual Automobile Insurance Company's Motion to Intervene (ECF No. 7) is granted and the court deems State Farm's Intervenor Answer (ECF No. 8) properly filed.

**IT IS SO ORDERED.**

Dated January 3, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
